FILED
FEB - 3 2006
EDWARD J. KLECKER, CLERK
U.S. DISTRICT COURT - NORTH DAKOTA

UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | REPORT AND RECOMMENDATION |
| V.                       ) | |
|                          ) | CASE NO. 2:02-cr-90-01 |
| GEDDY LEE WHITETAIL      ) | CASE NO. 2:04-cr-128-01 |
| a/k/a GEDDY LEE DUBOIS   ) | |

Mr. Whitetail is serving a three year term of supervised release, in connection with two separate criminal convictions. The second conviction, 2:04-cr-128, was for escape; Mr. Whitetail failed to return from a funeral furlough while completing his sentence on the first conviction at a community corrections center. The instant petition, referred to this Court for hearing and for preparation of this Report and Recommendation, alleges Mr. Whitetail absconded from a halfway house placement.

## FACTS

The first of the two convictions was for assault with a dangerous weapon. On September 9, 2003, Mr. Whitetail was sentenced to eighteen months imprisonment, followed by three years of supervised release on that conviction. With approximately one month remaining on his term of imprisonment,

1

Mr. Whitetail was granted a furlough from Lake Region Law Enforcement Center to attend his grandmother's funeral. He did not return to LRLEC, and that led to his conviction for escape in 2:04-cr-128-01.

On October 14, 2004, Mr. Whitetail was sentenced to twelve months imprisonment, followed by two years of supervised release, on the escape conviction. During the final weeks of his imprisonment, Mr. Whitetail was placed at Centre, Inc., in Bismarck. When his term of supervised release began, on September 9, 2005, Mr. Whitetail was ordered to reside at Centre, for up to six months to allow for transition to the community, since he had no residence and no means of support.

One day after completing his term of imprisonment, but while still required to reside at Centre during supervised release, Mr. Whitetail left the facility. The instant petition was filed September 12, 2005, and a warrant was issued. Mr. Whitetail was arrested December 1, 2005, and has been held in custody since that date. At the hearing, Mr. Whitetail's counsel stated that Mr. Whitetail had been in the Ft. Totten area from the time he left Centre until his arrest.

At the hearing, Mr. Whitetail admitted to the violation charged in the petition.

## PARTIES' POSITIONS ON DISPOSITION

The parties made a joint recommendation for disposition: that Mr. Whitetail serve seven months in custody, followed by one year of supervised release. They request a recommended designation to LRLEC or Stutsman County Correction Center. Under the parties' joint recommendation, Mr. Whitetail would reside at the Wiconi halfway house during the first three months of his supervised release, with work release privileges and substance abuse and mental health treatment.

## POLICY STATEMENTS OF SENTENCING GUIDELINES

At the time of sentencing on the assault conviction, Mr. Whitetail was in Criminal History Category IV, and when he was sentenced on the escape conviction, Mr. Whitetail was in Criminal History Category V. The violation to which he has admitted is of Grade C. The policy statements of the Guidelines provide for a term of custody of six to twelve months under Criminal History Category IV, and of seven to thirteen months under Criminal History Category V.

## DISCUSSION

Mr. Whitetail has a history of family instability from infancy, learning problems, mental health problems, and substance abuse problems. Evaluations document reactive

3

attachment disorder, fetal alcohol syndrome, anxiety disorder, attention deficit hyperactivity disorder, and impulsiveness. It appears that some of Mr. Whitetail's mental health problems have not yet been fully addressed, and mental health evaluation and treatment may assist him to successfully transition to life in the community. His substance abuse problems may be related to his mental health issues, so addressing the mental health issues may decrease the likelihood of substance abuse relapse in the future.

At the hearing, Mr. Whitetail read from a prepared personal statement. He acknowledged his need to learn to control his impulsive behaviors, and stated his desire to be self-supporting financially. Through the joint recommendation for disposition, the government has agreed to allow Mr. Whitetail another opportunity to address the challenges he faces because of his family circumstances and mental health history. Although the term of custody the parties recommend is relatively short, it is to be followed by considerable structure during supervised release. That should allow the supervising probation officer to assist Mr. Whitetail to work toward his goal of self-support. However, Mr. Whitetail might benefit from a longer term of supervised release following the term of custody which the

4

parties recommend.

In connection with the request for a recommended designation to LRLEC or Stutsman County, his counsel conveyed Mr. Whitetail's concerns about return to the federal facility at Oxford because of his fear of certain inmates there.

### RECOMMENDATION

This Court recommends that the District Judge find that Mr. Whitetail violated conditions of supervised release, as alleged in the petition filed September 12, 2005. This Court further recommends that Mr. Whitetail be ordered to serve a term of custody of seven months, followed by a term of supervised release of eighteen months. This Court recommends that the District Judge recommend designation to Lake Regional Law Enforcement Center or Stutsman County Correctional Center. As a condition of supervised release, Mr. Whitetail should be required to reside at Wiconi for the first three months, and to participate in mental health and substance abuse evaluations and treatment. So long as he follows all rules and regulations of Wiconi, he should be allowed work release during his placement there.

### OPPORTUNITY FOR OBJECTIONS

Pursuant to Local Rule 72.1(G)(5), either party may object

to the proposed findings and recommended disposition within ten days after being served with a copy of this Report and Recommendation. If the parties do not object to the findings and recommendations, they may wish to advise the District Judge, so that an order may be entered before the ten day period ends.

Dated this 3rd day of February, 2006.

/s/ Alice R. Senechal
Alice R. Senechal
U.S. Magistrate Judge