UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | REPORT AND RECOMMENDATION |
| V. | ) | |
| | ) | CASE NO. 2:02-cr-90-01 |
| GEDDY LEE WHITETAIL | ) | CASE NO. 2:04-cr-128-01 |
| a/k/a GEDDY LEE DUBOIS | ) | |

Geddy Lee Whitetail is serving a three year term of supervised release, in connection with two separate criminal convictions. The second conviction, in Case No. 2:04-cr-128, was for escape; Mr. Whitetail failed to return from a funeral furlough while completing his sentence on the first conviction at a community corrections center. The instant petition, similar to an earlier petition, alleges Mr. Whitetail absconded from a halfway house placement. The instant petition, which was filed September 1, 2006, was referred to this Court for hearing and for preparation of this Report and Recommendation. This Court held a hearing on the petition on September 25, 2006, and Mr. Whitetail admitted to the petition's allegations at that hearing.

## FACTS

The first of the two convictions was for assault with a dangerous weapon. On September 9, 2003, Mr. Whitetail was sentenced to eighteen months imprisonment, followed by three

years of supervised release, on that conviction. With approximately one month remaining on his term of imprisonment, Mr. Whitetail was granted a furlough from Lake Region Law Enforcement Center to attend his grandmother's funeral. He did not return to LRLEC, and that led to his conviction for escape in Case No. 2:04-cr-128-01.

On October 14, 2004, Mr. Whitetail was sentenced to twelve months imprisonment, followed by two years of supervised release, on the escape conviction. During the final weeks of his imprisonment, Mr. Whitetail was placed at Centre, Inc., in Bismarck. When his term of supervised release began, on September 9, 2005, Mr. Whitetail was ordered to reside at Centre, Inc., for up to six months to allow for transition to the community, since he had no residence and no means of support. The next day, Mr. Whitetail left Centre, Inc., without authorization. That led to a September 12, 2005 petition, and as a result of the earlier petition, Mr. Whitetail was ordered to serve seven months in custody, followed by eighteen months of supervised release.

A condition of his supervised release was that Mr. Whitetail reside at Wiconi on the Spirit Lake reservation for 90 days after completing seven months in custody. He began the Wiconi placement on June 30, 2006, but left the facility without

authorization on August 26, 2006.  The instant petition was filed, an arrest warrant was issued, and Mr. Whitetail was arrested in Bismarck on September 10, 2006.  Pending a decision on the petition, Mr. Whitetail remains in custody.

At the hearing, Mr. Whitetail admitted to the violation charged in the petition.

## PARTIES' POSITIONS ON DISPOSITION

The government requests that Mr. Whitetail's supervised release be revoked, and that he be ordered to serve seven months in custody.  It is the government's position that Mr. Whitetail is no longer amenable to supervision, and that no additional term of supervised release should be required.  Mr. Whitetail does not oppose revocation of supervised release, but requests that he be required to serve four to six months in custody rather than seven months.  Mr. Whitetail requests a recommended designation to LRLEC or Stutsman County Correction Center.

## POLICY STATEMENTS OF SENTENCING GUIDELINES

At the time of sentencing on the assault conviction, Mr. Whitetail was in Criminal History Category IV, and when he was sentenced on the escape conviction, Mr. Whitetail was in Criminal History Category V.  The violation to which he has admitted is of Grade C.  The policy statements of the Guidelines provide for a term of custody of six to twelve months under

Criminal History Category IV, and of seven to thirteen months under Criminal History Category V.

**DISCUSSION**

As described in a February 3, 2006 Report and Recommendation, Mr. Whitetail has a history of family instability from infancy, learning problems, mental health problems, and substance abuse problems.  Mr. Whitetail did complete a treatment program while at Wiconi in July and August, though he left before counseling for mental health issues began. Prior to absconding from Wiconi, he had violated the facility's rules by leaving and returning intoxicated, and by taking property of another Wiconi resident.  It is unlikely that Mr. Whitetail would successfully complete a term of supervised release.

Through counsel, Mr. Whitetail asserted that a sentence of four to six months is sufficient under 18 U.S.C. § 3553(a), noting that Mr. Whitetail has been in custodial placements for more than three years, except for periods between absconding and arrest.  However, if something less than seven months custody with no additional supervised release were ordered, the sanction for this repeated violation would be less than the sanction for his previous similar violation of terms of supervised release.  That would be illogical.  Given Mr.

Whitetail's pattern of absconding while on supervision, the term of custody of seven months as recommended by the government, at the bottom of the guidelines' suggested range, appears somewhat lenient.

## RECOMMENDATION

This Court recommends that the District Judge find that Mr. Whitetail violated conditions of supervised release, as alleged in the petition filed September 1, 2006.  This Court further recommends that Mr. Whitetail's term of supervised release be revoked, and that he be ordered to serve a term of custody of seven months, followed by no additional term of supervised release.  He should be given credit for time served since his arrest on this petition.  This Court recommends that the District Judge recommend designation to Lake Region Law Enforcement Center or Stutsman County Correctional Center.

## OPPORTUNITY FOR OBJECTIONS

Pursuant to Local Rule 72.1(G)(5), either party may object to the proposed findings and recommended disposition within ten days after being served with a copy of this Report and Recommendation.  If the parties do not object to the findings and recommendations, they may wish to advise the District Judge, so that an order may be entered before the ten day period ends.

Dated this 29th day of September, 2006.


                                                   _____

Alice R. Senechal
U.S. Magistrate Judge